JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE R. POLK, | Case No. 2:21-05938 JVS (ADS) |
| Petitioner, | |
| v. | ORDER DISMISSING SUCCESSIVE FEDERAL HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABLITY |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Maurice R. Polk, an inmate at Richard J. Donovan Correctional Facility in San Diego, California. [Dkt. No. 1]. The Court's review of the Petition, the Court's own records, and public records reveals that this Petition is a successive petition and Petitioner has not obtained permission from the Ninth Circuit Court of Appeals before filing it.

I.      **RELEVANT BACKGROUND**

A review of the Court's Case Management/Electronic Case Filing system reflects that on September 12, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a

Person in State Custody.  Commencing Case No. 2:12-cv-07831 JVS PJW ("First Habeas Action"), that petition challenges his 1997 conviction.  After the court found that petition untimely and that Petitioner did not qualify for the actual innocence exception to the statute of limitations, judgment was entered dismissing the First Habeas Action with prejudice on December 5, 2012.  [First Habeas Action, Dkt. Nos. 11 and 12].

On May 1, 2014, Petitioner filed a second Petition for Writ of Habeas Corpus by a Person in State Custody, challenging the same 1997 conviction.  Case No. 2:14-cv-06281 JVS PJW ("Second Habeas Action").  Finding that petition to be a second or successive habeas corpus petition without authorization from the Ninth Circuit, judgment was entered dismissing the Second Habeas Action on December 9, 2014.  [Second Habeas Action, Dkt. Nos. 10 and 11].

On July 21, 2021, Petitioner filed the instant petition, which he titled, "Petition to Recall a 12-6-96[1] Conviction Pursuant to PC 1096 Presumption of Innocence Requires that the People Prove a Defendant Guilty Beyond a Reasonable Doubt."  [Dkt. No. 1].  The Petition asserts Petitioner was entitled to a verdict of not guilty because he was presumed innocent until proven guilty.  [Id.].

II.     **DISCUSSION**

This Petition is an improper successive habeas petition.  28 U.S.C. § 2244 reads, in pertinent part, as follows:

> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> . . .

---

[1] "The trial took place in 1996 and Petitioner was sentenced in 1997."  First Habeas Action, [Dkt. No. 1, p. 19] (Los Angeles Superior Court Order Denying Petition for Writ of Habeas Corpus in In re Maurice R. Polk, Case No. LA025137).

> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244; see also Rule 9 of the Rules Governing § 2254 Cases ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). Furthermore, Rule 4 of the Rules Governing § 2254 Cases provides that if it plainly appears from the face of the petition and any exhibits attached to it that the Petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

      The instant Petition is Petitioner's third federal habeas petition challenging his imprisonment as a result of his 1997 judgment. Petitioner has provided no evidence that he obtained Ninth Circuit permission to file a successive petition. A search of the Ninth Circuit's electronic docketing system on PACER does not reflect that Petitioner sought or obtained permission. "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." Magwood v. Patterson, 561 U.S. 320, 330–31 (2010) (citing 27 U.S.C. § 2244(b)(3)(A)). "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (internal quotations and citation omitted).

**III.**   **CONCLUSION**

      The Petition is a "second or successive" petition without evidence that Petitioner obtained prior approval to file it by the Ninth Circuit Court of Appeals. As such, this

1  Court lacks jurisdiction to consider its merits.  Based on the foregoing, IT IS ORDERED

2  THAT the Petition is summarily dismissed without prejudice for lack of jurisdiction.

5  Dated: July 28, 2021                               /s/ James V. Selna
                                                    THE HONORABLE JAMES V. SELNA
6                                                   United States District Judge

7  Presented by:

8      /s/ Autumn D. Spaeth
   THE HONORABLE AUTUMN D. SPAETH
9  United States Magistrate Judge